## Friedman v. Friedman

*I. L. Epstein*, for plaintiff.
*J. J. Powell* and *Ellis Berger*, for defendant.

HOBAN, J., January 18, 1937.—The matter is before the court on rule to show cause why an inquisition of real estate and the sheriff's return thereof should not be set aside. The sheriff levied upon certain real estate of defendant in the execution. Thereupon an inquisition, as provided for in the Act of June 11, 1879, P. L. 122, and the Act of May 10, 1881, P. L. 13, was held. The procedure governing inquisition and condemnation of real estate is provided for under the Act of June 16, 1836, P. L. 755, and its various amendments and supplements: See 12 PS § 2381, et seq. In this case the inquest found that the property of the execution defendant was of a clear yearly value beyond all reprises sufficient within the space of seven years to satisfy the debt and damages named in the fi. fa.

Without ruling specifically upon the objections to the inquest as stated by counsel for the execution creditor, we are of the opinion that the inquisition and sheriff's return thereof must be set aside and the writ returned to the sheriff for a new inquisition, for the reason that the return shows a failure to comply with section 48 of the Act of June 16, 1836, supra. While the inquest found that the clear profits of the real estate of defendant would in their opinion be sufficient to pay the debt or damages, together with costs, "the sheriff, or other officer . . . by the inquest" failed to assess the value of the yearly rents or profits of such land beyond all reprises. The failure to make such a finding deprives the execution creditor of any facts upon which to make his election to proceed by liberari facias, or to permit defendant to retain the possession of the real estate at the annual valuation and appraisement made by the inquest. This defect is fatal.

Now, January 18, 1937, rule to show cause why the sheriff's inquisition and return thereof should not be set aside is made absolute, with directions to the prothonotary to return the writ to the sheriff for a new inquisition.